# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re:<br><br>**BRITANY BROWN**<br><br>Debtor. | CASE No. 26-20998<br><br>Chapter 13 |
| **VERTEX TL LLC,**<br>Movant,<br><br>v.<br><br>**BRITANY BROWN**,<br>Respondent. | Case No. **26-20998-MMH**<br>Chapter 13 |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR, ALTERNATIVELY, FOR ADEQUATE PROTECTION

Vertex TL LLC moves under 11 U.S.C. §§ 361 and 362(d)(1) for relief from the automatic stay concerning 3115 Leeds Street, Baltimore, Maryland 21229 (the "Property"). Vertex obtained a judgment foreclosing the Debtor's right of redemption before this bankruptcy commenced. *See* **Exhibit A** (showing a copy of the state court "Judgment"). Vertex requests permission to complete any remaining statutory deed procedures and pursue possession through the Circuit Court for Baltimore City. Alternatively, if the stay continues, Vertex requests adequate protection of its interest

through appropriate insurance, disclosure of existing coverage, a prompt inspection, and preservation of the Property. Vertex relies on the facts and authorities below in lieu of a separate memorandum under Local Bankruptcy Rule 9013-2.

## I. The Debtor filed this case after the Circuit Court had foreclosed her right of redemption.

On April 16, 2026, the Circuit Court for Baltimore City entered the Judgment in *Vertex TL LLC v. Britany N. Brown*, Case No. C-24-CV-25-009815. The Judgment identifies the Property as Ward 20, Section 21, Block 2197, Lot 026. The Circuit Court found that the required service and notice had been accomplished and that no redemption had occurred. It foreclosed the right of redemption, vested Vertex with "absolute and indefeasible leasehold title," directed the Director of Finance to execute and deliver a deed under Tax–Property §§ 14-831 and 14-847, and directed the Supervisor of Assessments to enroll Vertex as the leasehold owner. *See* Judgment at 1.

The Debtor commenced this Chapter 13 case on October 5, 2026, 172 days after entry of the Judgment. Her petition identifies the Property as her residence. ECF No. 1 at 2. Vertex seeks relief from the bankruptcy stay to pursue the rights arising from its prepetition Judgment, subject to Maryland law and the Circuit Court's operative orders.

## II. The prepetition foreclosure judgment supplies cause to modify the stay.

Section 362(d)(1) authorizes relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property" held by the moving party. The Court must "balance potential prejudice" to the estate against the movant's "hardships,"

considering the state-law issues, judicial economy, and protection of the estate. *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992).

Those considerations favor relief here. The Circuit Court already adjudicated foreclosure of the Debtor's right of redemption. Maryland law permits redemption until that right has been finally foreclosed, and the Judgment binds the parties and their successors in interest. Md. Code Ann., Tax-Prop. §§ 14-827, 14-844(a), (c). The later bankruptcy filing does not vacate that Judgment or restore the right it extinguished.

The Judgment foreclosed the Debtor's right of redemption and vested Vertex with "absolute and indefeasible leasehold title." *See* Judgment at 1. Vertex seeks permission to complete the statutory deed procedures and obtain possession through the Circuit Court. Those remaining steps implement the prepetition Judgment; they do not reopen the extinguished right of redemption.

Continued restraint prevents Vertex from pursuing the benefit of a judgment obtained months before bankruptcy. The matters for which Vertex seeks permission to return to the Circuit Court concern implementation of that court's Judgment and the remedies available under Maryland law. Allowing those proceedings to continue promotes judicial economy and permits the court already familiar with the dispute to determine the remaining questions concerning the deed and possession.

This Court has permitted completion of prepetition mortgage-foreclosure proceedings by lifting the stay "for the limited purpose of allowing the ratification process to continue" in state court. *In re May*, 546 B.R. 639, 642 (Bankr. D. Md. 2016). Vertex likewise requests permission to implement its prepetition Judgment through the

statutory deed process and pursue possession through the procedures authorized by Maryland law and the Circuit Court's operative orders.

Vertex accordingly requests modification of the stay to permit completion of any remaining payments, deed preparation, submission, execution, delivery, and recording required by Maryland law, and to permit Vertex to seek and enforce such orders concerning possession as the Circuit Court authorizes. Relief should extend to the governmental and ministerial acts necessary to implement those remedies concerning the Property.

**III. Any continued stay should protect Vertex's interest through insurance, inspection, and preservation of the Property.**

If the Court continues the stay, Vertex alternatively requests adequate protection under §§ 361 and 362(d)(1). The protection must address Vertex's interest under the Judgment. Seeking that protection does not concede that the Debtor may restore her extinguished redemption rights by treating Vertex solely as the holder of a redeemable tax lien.

Insurance is a recognized component of adequate protection. A "lack of insurance may form the basis for cause" under § 362(d)(1), and an adequate-protection determination cannot rest on an "inadequate valuation of the Property." *R&J Contractor Services, LLC v. Vancamp*, No. RDB-22-2101, slip op. at 9, 11 (D. Md. Apr. 6, 2023). Local Bankruptcy Rule 3070-1(a) likewise predicates its Chapter 13 presumption of adequate protection on continuing required payments and maintaining required collateral insurance.

The existence of a policy also does not establish that it protects Vertex's interest. Insurance obtained by another creditor may "protect[] only its interest," leaving a separate interest without coverage. *In re Fisher*, No. 14-61076, 2014 WL 5799592, at *5 (Bankr. W.D. Va. Nov. 7, 2014). The relevant inquiry therefore includes the policy's actual terms and the interest it protects.

Vertex requests production of the current insurance information and reasonable access to evaluate the Property's condition. The request seeks to establish what protection exists; Vertex does not assert that the Property is uninsured merely because the policy information has not been supplied with this Motion. Any factual showing concerning missing coverage, deterioration, or casualty will be supported by admissible evidence from a person with personal knowledge.

Vertex requests that, within three business days after entry of an adequate-protection order, the Debtor produce all current property-insurance policies, declarations, and endorsements concerning the Property, together with evidence of premium payment and any outstanding notice of cancellation, nonrenewal, or reduction in coverage. If no current coverage exists, the Debtor should disclose that fact within the same period.

Vertex further requests that the Debtor maintain property coverage sufficient to protect Vertex's interest under the Judgment and provide an insurer-issued endorsement expressly identifying and protecting that interest in the capacity appropriate to Vertex's rights. Any demonstrated deficiency should be corrected within the time fixed by the Court, unless the Court approves an equivalent form of adequate protection. The order

should require the Debtor to forward any cancellation, nonrenewal, or material coverage-reduction notice to Vertex's counsel within one business day after receipt, promptly report any material damage or casualty, and preserve any resulting insurance proceeds pending written agreement or further order.

A prompt inspection is also directly relevant to valuation and adequate protection. Civil Rule 34(a)(2), incorporated by Bankruptcy Rules 7034 and 9014(c), permits inspection of land possessed or controlled by an opposing party. Vertex requests one noninvasive inspection by a qualified property inspector and appraiser selected by Vertex, including reasonably necessary photographs. The inspection should occur within seven days after entry of the order, during reasonable daytime hours, on at least forty-eight hours' notice, and at a time reasonably coordinated through counsel. Vertex requests that the Court shorten any otherwise applicable discovery-response period to implement that schedule.

As an alternative to an initial inspection, Vertex is willing to accept photographs showing the Property's current interior and exterior condition, accompanied by a declaration under penalty of perjury from a person with personal knowledge identifying when the photographs were taken and confirming that they accurately depict the Property's current condition. If the photographs do not adequately establish that condition, Vertex requests the inspection described above.

While the stay remains in effect, the Debtor should preserve the Property against waste and material deterioration and refrain from voluntarily canceling or materially reducing the required insurance without further order. These measures preserve the

subject of the parties' dispute while the Court determines whether continued restraint is warranted. If the Debtor cannot provide the protection ordered, Vertex requests a prompt further hearing on termination of the stay.

**CONCLUSION**

For these reasons, Vertex respectfully requests that the Court modify the automatic stay under 11 U.S.C. § 362(d)(1) to permit completion of the statutory deed process and pursuit and enforcement of possession remedies concerning 3115 Leeds Street in accordance with Maryland law and the Circuit Court's operative orders.

*Alternatively*, Vertex requests that any continuation of the stay be conditioned on adequate protection through the insurance disclosure, coverage, inspection, notice, and property-preservation measures described above, with a prompt further hearing if the required protection cannot be provided.

Respectfully submitted,

____/s/____________

Steven Tessler
#31873
Tess Law LLC
2833 Smith Ave., #138
Baltimore, MD 21209
(872) 222-7377
steven@tesslaw.org

**Certificate of Service**

I HEREBY CERTIFY that on October 6, 2026, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing was served electronically by the Court's CM/ECF system upon:

**Robert N. Grossbart, counsel for Debtor — via CM/ECF**
**Rebecca A. Herr — via CM/ECF**

I further certify that on October 6, 2026, a copy of the foregoing was served by first-class mail, postage prepaid, upon:

**Britany Brown**
3115 Leeds Street
Baltimore, Maryland 21229.

/s/
Steven Tessler