**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
*(Baltimore Division)*

| | | |
|---|---|---|
| **IN RE:** | * | |
| | * | **Case No. 26-20998-MMH** |
| **BRITANY N. BROWN,** | * | **Chapter 13** |
| | * | |
| **Debtor.** | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| **VERTEX TL LLC,** | * |
| | * |
| **Movant,** | * |
| | * |
| **v.** | * |
| | * |
| **BRITANY N. BROWN,** | * |
| | * |
| **Respondent.** | * |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR, ALTERNATIVELY, FOR ADEQUATE PROTECTION (3115 Leeds Street, Baltimore, Maryland 21229)**

Britany N. Brown, Debtor, by her undersigned counsel, opposes the Motion for Relief from the Automatic Stay or, Alternatively, for Adequate Protection (Doc. 9) (the "Motion") filed by Vertex TL LLC ("Vertex") on October 6, 2026, one day after the petition was filed, and states:

**Summary**

1. The Motion rests on a single premise: that the Judgment Foreclosing Right of Redemption entered on April 16, 2026 (the "Judgment") ended the Debtor's interest in her home, so that everything remaining is ministerial. That premise is wrong under Maryland law and leaves out most of the record. Vertex has no deed. The Debtor holds legal title to, and lives in, the Property. More than ninety days passed after the Judgment without Vertex completing the payments the Judgment requires, so the Judgment is subject to being stricken under Md. Code Ann., Tax-Prop. § 14-847(d). Vertex's own post-judgment motion is pending in the Circuit Court.

If the stay is lifted, Vertex can extinguish that right simply by tendering a deed. Tax-Prop. § 14-847(d)(4). Vertex has not shown cause.

**Facts the Motion Omits**

2. The Property is the Debtor's principal residence. She is a single mother and lives there with her two children, both of whom have autism. The Property is worth approximately $20,000.

3. Vertex filed its complaint to foreclose the right of redemption in the Circuit Court for Baltimore City, Case No. C-24-CV-25-009815, on December 1, 2025. The Debtor was served on February 12, 2026.

4. On March 17, 2026, Vertex's counsel issued a payoff statement demanding $3,225.08 in legal fees and expenses. The Debtor paid Vertex's counsel $3,201.72 by money order, which the payoff statement itself credits as "Fees Already Paid," and paid the stated balance of $24.36 on or about March 24, 2026. On March 25, 2026, Vertex's counsel issued to the Baltimore City Tax Sale Division a "Release of Legal Fees Only" stating that "[t]he itemized parcels have been partially redeemed" and "[t]he fees have been paid to date." The Release stated on its face that it was "INVALID AFTER 04/01/2026," seven days later.

5. On April 16, 2026, the Circuit Court entered the Judgment, which recites that "no redemption has been made by any party in interest." Nothing in the Judgment indicates that the Circuit Court had been told of the Debtor's payment or of the Release.

6. On or about May 1, 2026, the Debtor went to the City to pay the delinquent taxes and complete the redemption. She was turned away because Vertex's Release had expired on April 1, 2026. She has since continued to pay the current real property taxes, the water bill and the ground rent on the Property.

7. Vertex obtained a writ of possession on May 29, 2026. By Order entered August 26, 2026, the Circuit Court quashed the writ on its own motion because the request was untimely under Tax-Prop. § 14-836(b)(7) and because Vertex had not obtained a deed.

8. By Order entered September 11, 2026, the Circuit Court denied the Debtor's motion to vacate the Judgment. In the same Order it found that Vertex "has received a windfall in obtaining attorney's fees and expenses that were never reimbursed, as well as having certain liens paid by Defendant that would have become Plaintiff's responsibility upon the entry of judgment," and ordered Vertex to reimburse the Debtor $3,226.08 within thirty days. [Vertex has not paid that sum.]

9. The September 11 Order is not final. On the day it was entered, Vertex filed its own motion under Maryland Rule 2-534 asking the Circuit Court to alter or amend the Order, to reconsider the order quashing the writ, and to award possession or, alternatively, an inspection or a limited receivership. That motion was pending on the date of the petition. The Debtor has not yet moved to strike the Judgment under Tax-Prop. § 14-847(d).

10. No deed to the Property has been executed, delivered or recorded. The Motion acknowledges as much: it asks leave to complete "any remaining payments, deed preparation, submission, execution, delivery, and recording." Motion at 4. The petition was filed 172 days after the Judgment.

11. Although it holds no deed, Vertex listed the Property for sale at a public online auction through Ashland Auction Group, with bidding open from October 2 through October 6, 2026. The Debtor filed this case on October 5, 2026, and the auction was halted.

**The Property Is Property of the Estate and the Stay Applies**

12. Under Maryland law a judgment foreclosing the right of redemption itself does not pass legal title to the certificate holder. Title passes when the collector executes and delivers a deed, and the collector does so only after the holder pays the balance of the purchase price and the taxes, interest and penalties that accrued after the sale. Tax-Prop. §§ 14-831, 14-847(a); *Mayor & City Council of Baltimore v. Thornton Mellon, LLC*, 478 Md. 396, 274 A.3d 1079 (2022); *Stewart v. Wheatley*, 182 Md. 455, 35 A.2d 104 (1943) (tax sale purchaser "acquires only a lien which ripens into a title through the process of foreclosure" and cannot obtain a deed until "all requirements of the law have been complied with"). If the holder never pays, title is never transferred, and the Court of Appeals has described the period between judgment and deed as a "limbo" in which the owner remains the owner. *Thornton Mellon*, 478 Md. 396. A writ of possession is available to a person who "acquires a deed." Tax-Prop. § 14-850. The Circuit Court applied these rules to Vertex when it quashed the writ.

13. On the petition date the Debtor therefore held legal title to and possession of the Property. Both are property of the estate. 11 U.S.C. §§ 541(a)(1), 1306. The acts Vertex wishes to take, namely obtaining and recording a deed, being enrolled as owner, and recovering possession, are stayed by 11 U.S.C. § 362(a)(1), (2) and (3).

14. Those acts are not ministerial on this record. Section 14-847(d)(1) provides that if the certificate holder "does not comply with the terms of the final judgment of the court within 90 days as to payments to the collector of the balance of the purchase price due on account of the purchase price of the property and of all taxes, interest, and penalties that accrue after the date of sale, that judgment may be stricken by the court on the motion of an interested party for good cause shown." The ninety days ran on or about July 15, 2026. That right had accrued to the Debtor before the petition and is property of the estate. The collector may not deliver a deed until Vertex pays,

the Circuit Court retains discretion to strike the Judgment, and Vertex also wants orders for possession. None of that is ministerial. Moreover, a motion to strike is denied as moot if the certificate holder submits a deed to the collector before the motion is decided. Tax-Prop. § 14-847(d)(4). The automatic stay is therefore the only thing that preserves the estate's right to have the Judgment stricken.

15. Vertex may rely on decisions holding that delivery of a deed after a prepetition foreclosure judgment did not violate the stay. *In re Rodgers*, 333 F.3d 64 (2d Cir. 2003); *In re Foskey*, 417 B.R. 836 (Bankr. D.D.C. 2009), *aff'd*, 437 B.R. 1 (D.D.C. 2010); *In re Richter*, 525 B.R. 735 (Bankr. C.D. Cal. 2015). Those decisions do not supply cause here. *Rodgers* rested on New York law, under which the auction itself cut off the owner's legal and equitable title; Maryland law is the opposite. *Foskey* recognized that the owner "still holds legal title and is entitled to use of the property" until the deed is delivered and found no stay violation only because the debtor there "had no options left." 417 B.R. at 839–43. The same court acknowledged that where the validity of the sale remains open to challenge, the stay gives the debtor "breathing room" to pursue that challenge. *Id.* The Debtor has such options: the accrued right to move to strike under § 14-847(d), the Circuit Court's continuing revisory power while Vertex's motion is pending, and the claims reserved below. *Richter* held that the stay protects a debtor's possession, so that a purchaser must obtain relief before seeking to evict. 525 B.R. 735. And each of those cases asked whether a completed act had violated the stay, not whether a movant had shown cause to lift it.

**Vertex Has Not Shown Cause**

16. The party seeking relief under § 362(d)(1) must make an initial showing of cause. The Court then balances the prejudice to the estate against the hardship to the movant, considering whether the issues involve only state law, whether lifting the stay promotes judicial economy, and

whether the estate can be protected. *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992). Vertex does not invoke § 362(d)(2) and does not contend that the Debtor lacks equity in the Property.

17. First, the premise that the Circuit Court has finished its work is incorrect. Vertex's own Rule 2-534 motion asks that court to revisit its rulings and remains undecided. A judgment whose orders implemented are under an active revisory motion" is garbled. A judgment that is the subject of an active revisory motion filed by the movant itself, and that is subject to being stricken under § 14-847(d), is not the settled entitlement the Motion describes.

18. Second, relief from the stay would not merely let Vertex implement the Judgment. It would let Vertex defeat a right that has already accrued to the estate. Vertex did not pay the collector within ninety days, so the Debtor may move to strike the Judgment for good cause. Tax-Prop. § 14-847(d)(1). If the stay is lifted, Vertex can make its payment, submit a deed, and moot that motion by operation of § 14-847(d)(4) before the Circuit Court ever hears it. The Debtor has good cause to present. She paid every dollar of fees and expenses Vertex demanded; Vertex acknowledged to the City that the Property had been "partially redeemed"; Vertex limited that acknowledgment to seven days and took a judgment reciting that no redemption had been made; and the Circuit Court has already found that Vertex received a windfall. A certificate holder owes an owner who is redeeming a "reasonable level of cooperation." *Thornton Mellon, LLC v. Adrianne Dennis Exempt Trust*, 475 Md. 701 (2021). [The Debtor is prepared to pay the full redemption amount.]

19. Lifting the stay would also let Vertex obtain and record a deed and resell the Property, as it has already tried to do, before the motion to strike can be heard, putting the Property in the hands of a third party. The Debtor reserves any claim to avoid the transfer effected by the Judgment under 11 U.S.C. §§ 548 and 522(h). *See In re Tucker*, 653 B.R. 598 (D. Md. 2023) (in a

Maryland tax sale the transfer occurs on entry of the judgment foreclosing the right of redemption and may be avoided by a Chapter 13 debtor although no deed has been delivered).

20. Third, the hardships are not comparable. Vertex's economic interest is the amount required to redeem, which accrues interest at the statutory rate and can be paid in full. *See In re Ford*, 623 B.R. 381 (Bankr. D. Md. 2020) (Chapter 13 filing stayed a pending action to foreclose the right of redemption; addressing the amounts owed to the collector and to the certificate holder); *cf. In re Robinson*, 577 B.R. 294 (Bankr. N.D. Ill. 2017) (debtor whose redemption period expired before the petition may treat sold taxes in a Chapter 13 plan if no tax deed has been issued). The Debtor stands to lose her home, and her two children, both of whom have autism, would lose the only home and routine they have. Vertex is meanwhile holding the fees the Debtor paid it, which the Circuit Court characterized as a windfall and ordered reimbursed.

21. Fourth, relief from the stay is equitable, and Vertex's conduct weighs against it. Vertex accepted the Debtor's payment, acknowledged in writing to the City that the Property had been "partially redeemed," limited that acknowledgment to seven days, and then took a judgment reciting that no redemption had been made. After its writ was quashed for want of a deed, it advertised the Property for public sale without one.

22. In re May, 546 B.R. 639 (Bankr. D. Md. 2016), on which Vertex relies, applied 11 U.S.C. § 1322(c)(1) to a mortgage foreclosure and held that the right to cure a default end at the foreclosure sale, when the mortgagor's equity of redemption is extinguished. Id. at 641. That rule has no application here. Section 1322(c)(1) speaks to a lien "sold at a foreclosure sale"; this is a tax sale governed by Title 14 of the Tax-Property Article, under which the owner keeps legal title until a deed is delivered, and none has been. Nor does the Debtor seek to cure arrears under §

1322(c)(1). She seeks to preserve a right that accrued to her estate before the petition, the right to move to strike the Judgment under § 14-847(d), which relief from the stay would moot.

23. The Debtor reserves her rights under *Tyler v. Hennepin County*, 598 U.S. 631 (2023), with respect to any value in the Property that exceeds the tax debt.

**Adequate Protection**

24. Vertex identifies no decline in the value of the Property and no lapse in insurance. It states that it "does not assert that the Property is uninsured." Motion at 5. Adequate protection guards against a decline in the value of the movant's interest. Vertex's interest is at most the amount required to redeem, and that amount continues to accrue interest while the stay is in place.

25. Without conceding that Vertex is entitled to adequate protection, the Debtor will, within fourteen days after entry of an order, provide Vertex's counsel with (a) [the declarations page of her current homeowner's insurance policy] and (b) dated photographs of the interior and exterior of the Property with a declaration under penalty of perjury that they accurately show its current condition. The second is the alternative Vertex itself proposes. Motion at 6. The Debtor will maintain her insurance and preserve the Property, as she is already obliged to do, and she is paying the current taxes, water and ground rent.

26. The remaining conditions should be denied. Vertex cites no authority requiring a homeowner to add a tax sale certificate holder that has no deed to her insurance policy, and Local Bankruptcy Rule 3070-1 concerns collateral insurance required by a contract between the parties, of which there is none. An entry on land under Civil Rule 34 requires a served request and thirty days to respond. Vertex has asked the Circuit Court for the same inspection in its pending Rule 2-534 motion, and it offers no reason for expedited discovery here.

WHEREFORE, the Debtor respectfully requests that the Court (a) deny the Motion; (b) in the alternative, modify the stay only to the extent necessary to permit the Debtor to file, and the Circuit Court to decide a motion to strike the Judgment under Tax-Prop. § 14-847(d), while continuing to stay the payment for, preparation, submission, delivery and recording of any deed and any act to obtain possession of the Property; (c) condition any continued stay only on the insurance information and photographs described in paragraph 25; (d) set the Motion for an evidentiary hearing if it is not denied on the papers; and (e) grant such other and further relief as is just.

/s/ Robert N. Grossbart
Robert N. Grossbart, Esq.
Fed. Bar No. 04116
Grossbart, Portney & Rosenberg, P.A.
One Charles Center
100 North Charles Street, 20th Floor
Baltimore, Maryland 21201
(410) 837-0590 / Fax (410) 837-0085
robert@grossbartlaw.com
Attorney for Debtor

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of October, 2026, a copy of the foregoing Opposition was served by CM/ECF on the first two persons listed below and by first-class mail, postage prepaid, on the third:

Steven Tessler, Esq.
Tess Law LLC
2833 Smith Avenue, #138
Baltimore, Maryland 21209
Counsel for Movant

Rebecca A. Herr, Chapter 13 Trustee
185 Admiral Cochrane Drive, Suite 240
Annapolis, Maryland 21401

Britany N. Brown
3115 Leeds Street
Baltimore, Maryland 21229

/s/ Robert N. Grossbart
Robert N. Grossbart, Esq.