**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | |
|---|---|
| In re:<br><br>**BRITANY BROWN**<br><br>Debtor. | CASE No. 26-20998<br><br>Chapter 13 |
| **VERTEX TL LLC,**<br>Movant,<br><br>v.<br><br>**BRITANY BROWN**,<br>Respondent. | Case No. **26-20998-MMH**<br>Chapter 13 |

# VERTEX TL LLC'S REPLY IN SUPPORT OF ITS MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR, ALTERNATIVELY, FOR ADEQUATE PROTECTION

Vertex TL LLC replies to the Debtor's Opposition (Doc. 17) and states:

## INTRODUCTION

The Opposition concedes every fact that decides this Motion. The Circuit Court entered the Judgment foreclosing the Debtor's right of redemption on April 16, 2026, and denied her motion to vacate on September 11. Opp. ¶¶ 5, 8. She never moved to strike

under Tax-Property § 14-847(d), though the ninety days ran July 15, eighty-two days before she filed on the eve of Vertex's auction. Opp. ¶¶ 9, 11, 14. She now asks the Court to keep the stay so she can file a discretionary motion that "shall be denied as moot" once Vertex submits its deed. Md. Code Ann., Tax-Prop. § 14-847(d)(4). Vertex has submitted it. **Exhibit A**. Only the stay stands between Vertex and completion of the Judgment.

That theory inverts the stay. "Property interests are created and defined by state law," and nothing changes "simply because an interested party is involved in a bankruptcy proceeding." *Butner v. United States*, 440 U.S. 48, 55 (1979). On the petition date the Debtor held bare legal title already committed to Vertex, an expired redemption right, a possessory right that ended at judgment, and an unfiled motion. Those interests cannot outweigh a final, enrolled judgment under *Robbins*.

## ARGUMENT

### I. The estate holds only the "limited bundle" that *Foskey* describes, so cause exists.

The Opposition spends four paragraphs proving that the stay applies, which is why Vertex moved. Opp. ¶¶ 12–15. The question is cause, which requires the Court to "balance potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief." *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992). Prejudice turns on what the estate holds.

The Judgment "grants equitable title to the certificate holder, or the right to acquire legal title," because "the record title owner no longer has the right to redeem." *Mayor & City Council of Balt. v. Thornton Mellon, LLC*, 478 Md. 396, 444–46 (2022). The

"limbo" the Opposition invokes is *Kona*'s description of a holder that has not yet paid, and the same sentence says the owner "knows that, as soon as the certificate holder pays the collector, it will no longer have title to the property." *Kona Props., LLC v. W.D.B. Corp.*, 224 Md. App. 517, 531 (2015); *Thornton Mellon*, 478 Md. at 425. She "may not redeem the property after the entry of final judgment," *Kona*, 224 Md. App. at 530–31, and her right "to continue in possession of, and to exercise all rights of ownership over the property" ended when redemption was "finally foreclosed." Tax-Prop. § 14-830(a). Her title is real, but conditional, terminable, and already sold.

*Foskey*, where a prepetition judgment had likewise foreclosed redemption before any deed, agrees. The owner "still holds legal title," but it "is subject to divestment upon payment of the purchase price and issuance of a deed," and "[t]he automatic stay only protects that limited bundle." *In re Foskey*, 417 B.R. 836, 839–43 (Bankr. D.D.C. 2009), *aff'd*, 437 B.R. 1 (D.D.C. 2010). The Opposition quotes *Foskey*'s "breathing room," but the same passage holds that the debtor "had no options left." *Foskey*, 417 B.R. at 843. Neither does this Debtor, whose motion to vacate failed and who has never invoked § 14-845(a), the only statutory route to reopen the Judgment.

### II. The Debtor's offer to "pay the full redemption amount" is the proffer *Canaj* and *Cicada* reject, so it gives the stay nothing to protect.

The owner may redeem only "until the right of redemption has been finally foreclosed." Tax-Prop. § 14-827. The Judgment did that, is "final and conclusive on the defendants," and vests "an absolute and indefeasible title," here a leasehold, "free and clear of all alienations and descents" that came before it. Tax-Prop. § 14-844(a)–(c).

Courts may then set it aside only "in cases of lack of jurisdiction or fraud." *Canaj, Inc. v. Baker & Div. Phase III, LLC*, 391 Md. 374, 425–26 (2006).

The Opposition claims neither ground, saying instead that "[t]he Debtor is prepared to pay the full redemption amount." Opp. ¶ 18. No redemption amount exists after judgment, and willingness is not payment. The amounts due "must, as a condition precedent, be paid," and even a ready buyer, "absent actual payment of taxes, is not relevant." *Canaj*, 391 Md. at 396. So "the timing of payments is essential," "proffers of payment . . . are not sufficient," and "this is not the way this process works." *Cicada Invs., LLC v. EwinCorp One, LLC*, No. 0179, Sept. Term 2024, 2025 WL 1291555, at *6 (Md. App. Ct. May 5, 2025) (unreported), *cert. denied*, 492 Md. 386 (2025). The Debtor has tendered nothing, and a proffer 187 days after judgment protects nothing.

### III. The equitable strike remedy was mooted by Vertex's deed submission before the petition, so the stay cannot revive it.

The Opposition calls the stay "the only thing that preserves the estate's right to have the Judgment stricken." Opp. ¶ 14. A judgment "may be stricken" only "for good cause shown." Tax-Prop. § 14-847(d)(1). The statute "vests discretionary power in the circuit court," and "good cause" lies "within the discretion of the court." *Kona*, 224 Md. App. at 547. A missed ninety-day payment deadline under § 14-847(d)(1) is only "the threshold requirement for striking the judgments." *Kona*, 224 Md. App. at 548. The remedy is equitable, discretionary, and the State Court's alone.

The General Assembly fixed its outer limit. If the holder "submits a deed under subsection (b) . . . to the governing body" first, the motion "shall be denied as moot."

Tax-Prop. § 14-847(d)(4). Vertex submitted its deed to the City on April 20, 2026. **Exhibit A**. Any strike motion was moot before this case began, and the estate took the Debtor's interest subject to that mootness. The "right" the Opposition describes is a motion she could have filed any day after July 15, under a statute that ends it when the holder does what Vertex did.

The Opposition objects that relief would let Vertex "moot that motion." Opp. ¶ 18. That is the statute working. The General Assembly adopted subsection (d)(4) after *Slattery* recognized the owner's window "so long as the balance due remains unpaid." *Slattery v. Friedman*, 99 Md. App. 106, 123 (1994); *Thornton Mellon*, 478 Md. at 426–27. The stay preserves interests "created and defined by state law;" it does not enlarge them. *Butner*, 440 U.S. at 55. Good cause built on an obstacle the Debtor created by filing is circular, and equity does not reward a party who waited eighty-two days, lost vacatur, and filed on the eve of a sale.

Her alternative prayer to strike "while continuing to stay" Vertex's deed and possession confirms the point. Opp. at 9. The stay never barred her from the Circuit Court. She seeks an injunction against Vertex's state-law rights, "a proceeding to obtain an injunction or other equitable relief" that requires an adversary complaint. Fed. R. Bankr. P. 7001(g).

### IV. Vertex's Rule 2-534 motion concerns remedies, not the Judgment, so the Circuit Court should decide what remains.

The Opposition calls the Judgment unsettled because Vertex's Rule 2-534 motion is pending. Opp. ¶ 17. But the Judgment is enrolled and survived vacatur, and Vertex's

motion addresses only the writ, the reimbursement directive, and possession or inspection. Opp. ¶¶ 8–9. That motion favors relief. Every open question "involve[s] only state law, so the expertise of the bankruptcy court is unnecessary," and returning them to the court that entered the Judgment and quashed the writ "will promote judicial economy." *Robbins*, 964 F.2d at 345. This Court has lifted the stay "for the limited purpose of allowing the ratification process to continue to determine finally in State court Debtor's rights in the property under Maryland law." *In re May*, 546 B.R. 639, 641–42 (Bankr. D. Md. 2016). The Motion cited *May* for that remedy, not for § 1322(c)(1), so the Opposition's distinction misses. Opp. ¶ 22.

### V. The reserved avoidance claim fails on the Debtor's own $20,000 valuation and has not been filed, so it supplies no prejudice.

The Opposition reserves a claim under §§ 548 and 522(h). Opp. ¶ 19. But the Debtor values the Property at "approximately $20,000," and Vertex bid $20,111.06. Opp. ¶ 2; **Exhibit A**. Section 548 reaches only a transfer for which the debtor "received less than a reasonably equivalent value." 11 U.S.C. § 548(a)(1)(B). Under Maryland's overbid system, the bid "represents the winning bid at an auction" that courts "have held to constitute 'reasonably equivalent value,'" and the owner's surplus entitlement "certainly counts as value received." *See In re Tucker*, 653 B.R. 598, 610–11 (D. Md. 2023). On judgment the Debtor became "the person entitled to the balance." Tax-Prop. § 14-818(a)(4); *Kona*, 224 Md. App. at 550–55, 558. Trading a $20,000 property for her taxes plus the rest of $20,111.06 is reasonably equivalent value by her own measure.

*Tucker* otherwise supports Vertex. Redemption "was foreclosed when the circuit court entered the foreclosure order," and avoidance was affirmed only under § 547 because that judgment fell "well within the 90-day statutory period;" the § 548 ruling was vacated. *Tucker*, 653 B.R. at 605, 611. This Judgment came 172 days before the petition. And *Tucker* deferred stay relief only because an adversary proceeding, "a proceeding to recover money or property," was already pending. Fed. R. Bankr. P. 7001(a); *Tucker*, 653 B.R. at 603. None is pending here. A reservation is not a property interest, and recovery under § 550 runs against the transferee whether or not Vertex stands still.

**VI. The Debtor's equities are the facts of her own nonpayment, which the Circuit Court has already weighed.**

The Opposition's equities rest on the Debtor's March fee payment to Vertex's counsel and the "Release of Legal Fees Only." Opp. ¶¶ 4–5, 18, 21. But "the person redeeming shall pay the collector" the lien, interest, taxes the holder paid, and fees, and redemption occurs "[o]n receipt of the proper amount." Tax-Prop. § 14-828(a)(1), (c). Fees paid to counsel are one component, and a release reporting that the parcels were only "partially redeemed" and that "[t]he fees have been paid to date" confirms that redemption was never completed. Opp. ¶ 4.

Vertex issued the Release on March 25, days after her payment; it ran through April 1, and redemption stayed open until April 16. The Debtor did not go to the City until "[o]n or about May 1, 2026." Opp. ¶ 6. On her own account, she paid Vertex's share, not the City's, and let the Judgment enter. The "statutory process of redemption" was never completed. *Vertex TL LLC v. 2921-2923 McElderry St., LLC*, 270 Md. App. 624,

635 (2026). Everyone is "presumed to know the law regardless of conscious knowledge or lack thereof." *Benik v. Hatcher*, 358 Md. 507, 532 (2000).

*Dennis Trust*'s "reasonable level of cooperation" arose before judgment, where "a property owner needs a release from the tax sale certificate holder to redeem." *Thornton Mellon LLC v. Adrianne Dennis Exempt Tr.*, 478 Md. 280, 324 (2022). Vertex gave this Debtor that release within days. She did nothing with it until May.

The Circuit Court already denied vacatur on the same payment and Release and addressed the fees by a reimbursement directive. Opp. ¶ 8. Keeping the stay so she can present them again assumes that court will reverse itself. The auction adds nothing. Vertex's interest under the Judgment "is a chose in action" that "may be validly assigned," and until the deed issues the certificate "is assignable." *Thornton Mellon*, 478 Md. at 451–52.

Vertex does not minimize the Debtor's circumstances, Opp. ¶¶ 2, 20, but "the public interest in marketable titles to property purchased at tax sales outweighs considerations of individual hardship in every case, except upon a showing of lack of jurisdiction or fraud." *Haskell v. Carey*, 294 Md. 550, 558–59 (1982). And once Vertex pays, she receives the bid balance above her taxes, the full value she assigns the Property, while Vertex has carried the taxes and litigation risk since the sale.

### VII. ***Ford*, *Robinson*, and *Tyler* address different postures, so they do not bear on cause.**

*Ford* involved a foreclosure still pending at the petition, so the "process is not complete and is stayed." *In re Ford*, 623 B.R. 381, 387 (Bankr. D. Md. 2020). This one

ended April 16, and *Ford*'s rule that redemption lasts "until the right of redemption has been finally foreclosed" defeats the Debtor. *Ford*, 623 B.R. at 387. *Robinson* applied Illinois law, where no decree forecloses redemption and "it is the obtaining and recording of the tax deed" that fixes the parties' rights. *In re Robinson*, 577 B.R. 294, 305 (Bankr. N.D. Ill. 2017). Maryland fixes them at judgment. Tax-Prop. §§ 14-827, 14-830(a), 14-833(b), 14-844(a)–(c). *Tyler* addressed a scheme that "provides no opportunity for the taxpayer to recover the excess value." *Tyler v. Hennepin Cnty.*, 598 U.S. 631, 644 (2023). Maryland pays "the person entitled to the balance." Tax-Prop. § 14-818(a)(4). On a $20,111.06 bid, the excess is hers.

**VIII. Any continued stay should carry the requested adequate protection, most of which the Debtor concedes.**

The Debtor offers her declarations page and sworn photographs within fourteen days. Opp. ¶ 25. Vertex accepts, within seven, given the Motion's age. As for the endorsement, a policy naming only the Debtor and a mortgagee may "protect[] only its interest." Motion at 5 (citing *In re Fisher*, No. 14-61076, 2014 WL 5799592, at *5 (Bankr. W.D. Va. Nov. 7, 2014)). One casualty would consume a $20,000 property. "[A] lack of insurance may form the basis for cause under § 362(d)(1)." *R&J Contractor Servs., LLC v. Vancamp*, 652 B.R. 237, 243 (D. Md. 2023). Local Rule 3070-1(a) presumes adequate protection only while the debtor is "maintaining required insurance for the collateral," which she has not shown.

The inspection is modest. Rule 34 applies through Rules 9014(c) and 7034, Rule 9006(c) permits a shorter response period, and the Debtor shows no burden from one

noninvasive inspection on forty-eight hours' notice. Vertex will accept sworn photographs that fairly show the Property's condition, and the remaining conditions impose nothing she has not accepted. Motion at 6; Opp. ¶ 25.

## CONCLUSION

The Debtor's redemption and possessory rights ended on April 16, 2026. Her motion to vacate failed, Vertex's deed submission mooted the strike remedy she never pursued, and her avoidance claim is untimely under § 547, defeated under § 548 by her own valuation, and unfiled. What remains is a conditional title committed to Vertex, a bid balance payable to the Debtor, and a Circuit Court able to decide every open question.

Vertex therefore requests that the Court modify the stay under 11 U.S.C. § 362(d)(1) to permit completion of the deed process under Tax-Property §§ 14-831 and 14-847, including the City's execution, delivery, and recording of the deed, and to permit Vertex to seek and enforce possession through the Circuit Court; and, alternatively, condition any continued stay on the adequate protection in the Motion, with the declarations page and photographs due within seven days.

Respectfully submitted,

____/s/____________

Steven Tessler
#31873
Tess Law LLC
2833 Smith Ave., #138
Baltimore, MD 21209
(872) 222-7377
steven@tesslaw.org

## Certificate of Service

I HEREBY CERTIFY that on October 6, 2026, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing was served electronically by the Court's CM/ECF system upon:

**Robert N. Grossbart, counsel for Debtor — via CM/ECF**
**Rebecca A. Herr — via CM/ECF**

I further certify that on October 6, 2026, a copy of the foregoing was served by first-class mail, postage prepaid, upon:

**Britany Brown**
3115 Leeds Street
Baltimore, Maryland 21229.

/s/
Steven Tessler